IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ORRICK FARM SERVICE, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:21-CV-00116-DGK |
| SUSAN ANN COATS, and MID MISSOURI CROP INSURANCE, LLC, | ) ) ) | |
| Defendants. | ) ) | |

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

This lawsuit arises from the resignation of a key employee from Plaintiff Orrick Farm Service, Inc.'s ("Orrick") crop insurance business, and the employee's immediately starting a competing business. Orrick alleges the employee, Defendant Susan Coats ("Coats"), formed her competing business, Defendant Mid Missouri Crop Insurance, LLC ("MMCI"), using confidential information and trade secrets stolen from Orrick. Now before the Court is Orrick's Motion for Temporary Restraining Order and Preliminary Injunction. ECF No. 4.

After carefully reviewing the motion and the existing record, the Court holds Orrick has not met its burden to justify the Court issuing a temporary restraining order. The Court will withhold ruling on Plaintiffs' request for a preliminary injunction until the issue is fully briefed and a hearing, if necessary, is held.

**Background**

Orrick's allegations against Defendants are detailed in its verified complaint, an affidavit from its counsel attached to the motion as exhibit 1, and Plaintiff's brief in support of the motion. *See* V. Compl, ¶¶ 1-59, ECF No. 1; Mot. Ex. 1 ¶¶ 2-7, ECF No. 4-1; Br. at 2-7, ECF No. 5. The allegations will not be repeated here.

Orrick requests the Court enter a temporary restraining order that: (i) enjoins Defendants from using or disclosing any of Orrick's confidential information and/or trade secrets; (ii) seizes or orders Defendants to return all of Orrick's property, including its laptop and USB drives; (iii) orders Defendants to return all of Orrick's confidential information and/or trade secrets, including any and all copies, extracts, abstracts, charts and summaries of such material, whether written or otherwise recorded, and any other records in which any of its confidential information and/or trade secrets have been referenced, incorporated, or used; (iv) enjoins Defendants from soliciting or selling to any of Orrick's customers to which Coats was assigned until a full trial on the merits is held, and thereafter permanently enjoins Defendants as appropriate; (v) enjoins Defendants from the spoliation of any evidence; and (vi) orders Defendants to preserve all relevant evidence.[1]

**Standard for Issuance of a Temporary Restraining Order**

In determining whether to grant a temporary restraining order the Court considers: (1) the threat of irreparable harm to the movant; (2) the balance between this harm and any injury that granting the injunction will inflict on the non-moving party; (3) the likelihood that the moving party will prevail on the merits; and (4) the public interest. *Phelps-Roper v. Nixon*, 509 F.3d 480, 484 (8th Cir. 2007). No single factor is determinative; they must be "balanced to determine whether they tilt towards or away" from granting the injunction. *Noodles Development, LP. v. Ninth St. Partners, LLP*, 507 F. Supp. 2d 1030, 1034 (E.D. Mo. 2007). A temporary restraining order "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *North Dakota v. U.S. Army Corps of*

---

[1] The Court observes that it does not need to issue an order enjoining Defendants from the spoliation of any evidence, or direct Defendants to preserve all relevant evidence. As litigants in federal court, all parties are already required to preserve all relevant evidence and are prohibited from spoliation.

2

*Eng'rs*, 264 F. Supp. 2d 871, 878 (N.D. 2003) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).

## Discussion

### A.     Orrick has not demonstrated a threat of irreparable harm.

To demonstrate a sufficient threat of irreparable harm, the moving party must show that there is no adequate remedy at law; that is, that an award of damages cannot compensate the movant for the harm.  *See Noodles Development*, 507 F.Supp.2d at 1036-37.  Orrick contends it will be irreparably harmed by Defendants using its client list and the information about those clients it has compiled over twenty-one years of servicing those clients.

The Court is not convinced.  It appears an award of damages could fully compensate Orrick for any loss it has suffered, thus there is no threat of irreparable harm.  While Orrick may lose business as a result of Defendants alleged actions, an award of monetary damages, including damages for lost profits, can compensate it.  Hence, there is no irreparable harm here.

### B.     Orrick has not shown the balance of harms favors issuing a TRO.

Orrick argues that without the issuance of a temporary restraining order the risk to its business is immense.  It also contends Defendants will suffer no harm if the injunction is granted because they have no right to the stolen information.

The Court is not convinced.  It appears to the Court that issuing the injunctive relief sought by Orrick, including prohibiting Defendants from soliciting business from clients Coats served while employed by Orrick, might fatally harm Defendants' business prospects.  Since there does not appear to have been any noncompete agreement in place between Orrick and Coats, Defendants may have reasonably believed when deciding to launch their business that they could lawfully solicit these customers.  Enjoining Defendants from soliciting these

3

customers now, after they've launched the business in part on the reliance that they could solicit these customers, risks inflicting serious damage on Defendants' business. Hence, the Court is not convinced that the balance of harms favors issuing a TRO.

### C. Plaintiff has shown a likelihood of success on the merits.

To demonstrate likelihood of success on the merits, a movant does not need to show that it ultimately will succeed on its claims, only that the movant's prospects for success is *sufficiently likely* to support the kind of relief it requests. *Id*. (emphasis added) (citations omitted). That is, the movant need only show "a fair chance of prevailing." *Phelps-Roper*, 509 F.3d at 485.

Although the Court cannot say Orrick is very likely to prevail on the merits—this case does not involve a written noncompete agreement which precludes Coats from starting a competing business—the sworn statement from Gary Vandiver along with the forensic computer evidence suggests Orrick has a fair chance of prevailing on at least some of its claims.

### D. The public interest does not weigh in either party's favor.

The Court finds the public interest does not favor either granting or denying the request for a temporary restraining order. Thus, this factor does not weigh in favor of either side.

### E. Plaintiff has not carried its burden.

After balancing the four factors, the Court holds Orrick has not clearly shown that it is entitled to the extraordinary and drastic remedy of a temporary restraining order issued ex parte. Although Orrick has established one of the four factors, it has not established that, after balancing all four factors, the scale tilts in favor of granting the restraining order. *Noodles Development*, 507 F.Supp.2d at 1034.

4

**Conclusion**

Orrick's request for a temporary restraining order is DENIED. The Court withholds ruling on Orrick's request for a preliminary injunction until the issue is fully briefed and a hearing, if necessary, is held.

**IT IS SO ORDERED.**

Date:  February 26, 2021    /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT