## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

ORRICK FARM SERVICE, INC.,      )
                                         )

      Plaintiff,             )
                                         )

      v.                    )            No. 4:21-CV-00116-DGK
                                         )

SUSAN ANN COATS, and        )
MID MISSOURI CROP INSURANCE, LLC,  )
                                       )

      Defendants.        )

## ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

This lawsuit arises from the resignation of a key employee from a crop insurance business who subsequently started her own competing crop insurance business. Plaintiff Orrick Farm Service, Inc. ("Orrick") alleges the employee, Defendant Susan Coats ("Coats"), formed her competing business, Defendant Mid Missouri Crop Insurance, LLC ("MMCI"), using confidential information and trade secrets stolen from Orrick.

Now before the Court is Orrick's Motion for a Preliminary Injunction. ECF No. 4. The Court previously denied Orrick's motion for a temporary restraining order. ECF No. 6. After hearings several hours of testimony from the pivotal witnesses in this case, the Court holds Orrick has not carried its burden of showing an injunction should issue. Accordingly, the motion for a preliminary injunction is DENIED. Further, the Court ORDERS Orrick to return the laptop to Defense counsel within forty-eight hours.

### Background

Orrick's allegations against Defendants are detailed in the Verified Complaint, an affidavit from its counsel attached to the motion as Exhibit 1, Plaintiff's brief in support of the motion; and the preliminary injunction hearing testimony. *See* V. Compl, ¶¶ 1-59, ECF No. 1;

Mot. Ex. 1 ¶¶ 2-7, ECF No. 4-1; Br. at 2-7, ECF No. 5. The allegations will not be repeated here.

Orrick requests the Court enter a preliminary injunction: (i) enjoining Defendants from using or disclosing any of Orrick's confidential information and/or trade secrets; (ii) ordering Defendants to return all of Orrick's property, including a laptop and USB drives; (iii) ordering Defendants to return all of Orrick's confidential information and/or trade secrets, including any and all copies, extracts, abstracts, charts and summaries of such material, whether written or otherwise recorded, and any other records in which any of its confidential information and/or trade secrets have been referenced, incorporated, or used; (iv) enjoining Defendants from soliciting or selling to any of Orrick's customers to which Coats was assigned until a full trial on the merits is held, and thereafter permanently enjoining Defendants as appropriate; (v) enjoining Defendants from the spoliation of any evidence; and (vi) ordering Defendants to preserve all relevant evidence.[1]

## Standard for Issuance of a Preliminary Injunction

In determining whether to grant a preliminary injunction the Court considers: (1) the threat of irreparable harm to the movant; (2) the balance between this harm and any injury that granting the injunction will inflict on the non-moving party; (3) the likelihood that the moving party will prevail on the merits; and (4) the public interest. *Phelps-Roper v. Nixon*, 509 F.3d 480, 484 (8th Cir. 2007). No single factor is determinative; the factors must be "balanced to determine whether they tilt towards or away" from granting the injunction. *Noodles Development, LP. v. Ninth St. Partners, LLP*, 507 F. Supp. 2d 1030, 1034 (E.D. Mo. 2007). The

---

[1] The Court observes that it does not need to issue an order enjoining Defendants from the spoliation of any evidence, or direct Defendants to preserve all relevant evidence. As litigants in federal court, all parties are already required to preserve all relevant evidence and are prohibited from spoliation.

2

party requesting the injunction bears the burden of proving the necessity of injunctive relief. *Gelco v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987).

## Discussion

### I.     Credibility determinations.

At the outset, the Court makes the following credibility determinations with respect to the four witnesses who testified during the hearing.

The Court finds Holly Clevenger's testimony that Coates purchased the laptop at issue for $100 to be very credible. She has no relationship to either party or motive to shade her testimony to one side or another. Her demeaner while testifying also indicated she was being truthful. The Court gives great weight to her testimony

The Court finds Defendant Coats' testimony to be very credible. Her demeaner while testifying indicated she was being truthful, and her testimony is corroborated by other credible evidence in the record. The Court gives great weight to her testimony.

The Court finds retained forensic computer expert Jack Nevins' testimony to be very credible. His testimony, however, does not prove the conclusion Plaintiff seeks to draw; namely, that Coats downloaded proprietary information from Plaintiff's desktop computer. The Court gives his testimony, as far as it goes, great weight

As for Gary Vandiver's testimony, the Court finds it to be unreliable. While he did not appear to be giving knowingly false testimony, his memory was faulty on several key points, and his testimony on other points is contradicted by other, more credible evidence. The Court gives his testimony limited weight.

3

**II.     The motion for a preliminary injunction is denied.**

        **A.     Orrick has not demonstrated a threat of irreparable harm.**

To demonstrate a sufficient threat of irreparable harm, the moving party must show that there is no adequate remedy at law; that is, that an award of damages cannot compensate the movant for the harm. *See Noodles Development*, 507 F.Supp.2d at 1036-37. Orrick contends it will be irreparably harmed by Defendants using its client list and the information about those clients it has compiled over twenty-one years of servicing those clients.

The Court is not persuaded. As a threshold matter, the evidence presented during the preliminary injunction hearing failed to establish that Coats took proprietary information from Orrick. On the contrary, it appears the information Coats used to start MMCI can be easily obtained through industry sources by any licensed crop insurance agent. Thus, it is not proprietary.

Even if Coats had misappropriated some proprietary information, the Court is convinced that an award of damages could fully compensate Orrick for any loss it has suffered, thus there is no threat of irreparable harm.

        **B.     Orrick has not shown the balance of harms favors issuing an injunction.**

Orrick argues that without the issuance of an injunction the risk to its business is immense. It also contends Defendants will suffer no harm if the injunction is granted because Defendants have no right to the stolen information.

The Court holds the balance of harms weighs against issuing an injunction because such an injunction would likely deal a death blow to Defendants' business. Again, as a threshold matter, Orrick has not proven that Coats has stolen any propriety information. Further, since there was no noncompete agreement in place between Orrick and Coats, Coats rightfully

believed that she could lawfully solicit her former employer's customers.  Enjoining her from soliciting these customers now, after she's launched the business in part on the reliance that she could solicit these customers, risks inflicting fatal damage on Defendants' business.

On the other hand, not issuing an injunction will make no difference to Orrick's business prospects.  The credible evidence presented during the hearing indicates that during her last few years at Orrick, Coats was essential to the operation of Orrick's business, performing most, if not all, of its critical work.  She built and maintained the good will with the farmers who purchased their crop insurance policies through Orrick, and she managed the day-to-day aspects of the business that kept it running smoothly.  The credible evidence also showed that when she left, there was no one available who could replace her.  Prior to Coats' departure, her titular supervisor, Gary Vandiver ("Vandiver"), exhibited no interest in, or ability to, run Orrick's crop insurance business: he let his insurance license lapse, he was rarely in the office, he did not meet with clients, and he was distracted by personal affairs and running other divisions of Orrick's floundering business.  (In fact, these are the reasons why Coats decided to leave.  She felt it was unfair that she was performing nearly 100% of the work while receiving only 25% of the commissions.)  With Coats gone, Orrick's crop insurance business is in trouble regardless of whether Coats is running a competing business.

Hence, the balance of harms weighs against issuing an injunction.

**C.    Plaintiff has not shown a likelihood of success on the merits.**

To demonstrate likelihood of success on the merits, a movant does not need to show that it ultimately will succeed on its claims, only that the movant's prospects for success is *sufficiently likely* to support the kind of relief it requests.  *Id.* (emphasis added) (citations

omitted). That is, the movant need only show "a fair chance of prevailing." *Phelps-Roper*, 509 F.3d at 485.

Based on the credible testimony adduced during the hearing, the Court finds Plaintiff does not have a fair chance of prevailing at trial. Orrick did not have a noncompete with Coats; Coats did not steal a laptop containing confidential business information from Orrick as the Verified Complaint and Vandiver allege; and any information Coats may have taken from Orrick and used to start MMCI does not appear to have been proprietary. After observing Vandiver and Coats testify, the Court is left with the impression that this lawsuit is not particularly well-grounded in the facts and the law. Rather, it appears driven by Vandiver's feeling betrayed by Coats's abrupt departure and decision to start a rival business. While understandable, this is not a sound reason to maintain a lawsuit.

### D. The public interest does not weigh in either party's favor.

The Court finds the public interest does not favor either granting or denying the requested injunction. Thus, this factor does not weigh in favor of either side.

### E. Plaintiff has not carried its burden.

The Court holds Orrick has not shown that any of the four factors weigh in favor of issuing a preliminary injunction. Accordingly, the motion is DENIED.

## III. Plaintiff shall return the laptop to defense counsel.

As the Court indicated above, the credible evidence adduced during the hearing shows that Coats did not steal any laptop as the Verified Complaint and Vandiver allege. Rather, she purchased the laptop at issue for $100.

Accordingly, Orrick shall return the laptop to Defense counsel within forty-eight hours. Defense counsel shall safeguard it consistent with his obligations as an officer of the court.

## Conclusion

Orrick's request for a temporary restraining order is DENIED. Orrick shall return the laptop within forty-eight hours.

**IT IS SO ORDERED.**

Date:   April 23, 2021                        /s/ Greg Kays_____
                                              GREG KAYS, JUDGE
                                              UNITED STATES DISTRICT COURT